```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

PETER TERRY BELCHER,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:10-0398
                                   (Criminal No. 1:88-0094)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Standing Order, the action was referred to United States Magistrate R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted his Findings and Recommendation to the court on April 8, 2010, in which he recommended that the court deny plaintiff's motion under 28 U.S.C. § 2255, and remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. By Order entered April 26, 2010, the court granted plaintiff's motion for additional time and plaintiff was given an additional thirty days to file his

objections.  On May 13, 2010, plaintiff filed objections to the Magistrate Judge's Findings and Recommendation.  With respect to those objections, the court has conducted a de novo review.

In his objections, plaintiff contends that "I no longer have the will or mind to continue a decent fight to prove my innocence."  He also attached copies of two cases, Printz v. United States, 521 U.S. 898 (1997), and Mack v. United States, 856 F. Supp. 1372 (D. Ariz. 1994).  In Printz, the Court found the mandatory provision of the Brady Act requiring state and local law enforcement officers to perform background checks on prospective handgun purchasers to be unconstitutional.[*]

Plaintiff pled guilty to a violation of 26 U.S.C. § 5861(h), knowingly and unlawfully possessing one firearm with a serial number which had been obliterated, removed, changed, or altered.  The aforementioned cases are not relevant to plaintiff's motion herein.  Accordingly, plaintiff's objections are OVERRULED.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge VanDervort, **DENIES**

---

[*] Mack was one of the two district court cases from which the appeal in Printz was taken.  The court in Mack found that the provision at issue was unconstitutional but the United States Court of Appeals for the Ninth Circuit reversed. Printz v. United States, 521 U.S. 898 (1997).

2

plaintiff's motion under 28 U.S.C. § 2255, and directs the Clerk to remove the matter from the court's docket.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 18th day of June, 2010.

ENTER:

David A. Faber
Senior United States District Judge